UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KRISTY MARTIN
W6340 Valley Lane
Plymouth, Wisconsin 53073

       Plaintiff,                      Case No.: 19-cv-635

    v.                                 **JURY TRIAL DEMANDED**

FASTENAL COMPANY
2001 Theurer Boulevard
Winona, Minnesota 55987

       Defendant

---

### COMPLAINT

---

COMES NOW Plaintiff, Kristy Martin, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant operates its business and has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

4. Plaintiff, Kristy Martin, is an adult female resident of the State of Wisconsin with a post office address of W6340 Valley Lane, Plymouth, Wisconsin 53073.

5. Defendant, Fastenal Company, was, at all material times herein, a commercial entity with a principal address of 2001 Theurer Boulevard, Winona, Minnesota 55987.

6. Defendant is a distributor of industrial supplies.

7. During the relevant time periods as stated herein, Defendant operated its business throughout the State of Wisconsin, including but not limited to owning, operating, and managing various physical locations, or branches, throughout the State.

8. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

10. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

**GENERAL ALLEGATIONS**

14. In approximately November 2018, Defendant hired Plaintiff into the position of Sales Support.

15. During Plaintiff's employment with Defendant and until approximately April 2019, Plaintiff reported directly to Vicky Stoney, General Manager, who reported directly to Scott Trakel, District Manager, who reported directly to Troy Parkous, Regional Manager.

16. During Plaintiff's employment with Defendant and in approximately April 2019, Harold Applegate replaced Stoney as Defendant's General Manager. Subsequently, Plaintiff reported directly to Applegate, who reported directly to Trakel, who reported directly to Parkous.

17. During Plaintiff's employment with Defendant in Plaintiff's position of Sales Support, Plaintiff performed compensable work for Defendant, on Defendant's behalf, and/or with Defendant's knowledge.

18. During Plaintiff's employment with Defendant and commencing in approximately January 2019, Plaintiff began performing compensable work primarily at Defendant's physical location in Sheboygan Falls, Wisconsin.

19. During Plaintiff's employment with Defendant, Defendant's physical location in Sheboygan Falls, Wisconsin was physically located inside Bemis Manufacturing Company ("Bemis") at 300 Mill Street, Sheboygan Falls, Wisconsin 53085.

20. On or about June 27, 2019, Plaintiff's employment with Defendant ended.

21. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a salaried basis of $500.00 per week, plus commissions based on Plaintiff's hours worked or work performed.

22. During Plaintiff's employment with Defendant, Defendant did not include Plaintiff's commission payments in Plaintiff's regular rate of pay for overtime calculation purposes.

23. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff bi-monthly via check.

24. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

25. During Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff with overtime pay during those workweeks when she worked in excess of forty (40) hours.

26. During Plaintiff's employment with Defendant, Plaintiff performed non-exempt job duties under the FLSA and WWPCL in her position of Sales Support.

27. During Plaintiff's employment with Defendant, Defendant's compensation classification of Plaintiff was "exempt" for purposes of the FLSA and WWPCL. However, in reality, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

28. During Plaintiff's employment with Defendant, Plaintiff's primary job duty was performing physical or manual labor.

29. On a daily basis during Plaintiff's employment with Defendant, and particularly from approximately January 2019 to June 2019, Plaintiff spent the vast majority of her work days performing the following duties and/or tasks: (1) physically or manually sitting, standing, lifting, bending, squatting, carrying, and reaching in order to physically or manually stock Defendant's parts in vending machines in Bemis' warehouse facility; and (2) physically walking throughout Bemis' warehouse facility in order to deliver Defendant's parts to Bemis employees.

30. During Plaintiff's employment with Defendant, Plaintiff did not primarily perform her job duties in an office setting.

31. During Plaintiff's employment with Defendant, Plaintiff performed her job duties at the direction of Defendant: she was given specific instructions as to how to perform her job duties and/or she performed her job duties within the prescribed procedures and/or limits established by Defendant.

32. During Plaintiff's employment with Defendant, Plaintiff did not customarily and regularly direct the work of at least two of Defendant's employees.

33. During Plaintiff's employment with Defendant, Plaintiff's primary job duty was not the management of Defendant's enterprise, general business operation(s), or a department or division of Defendant.

34. During Plaintiff's employment with Defendant, Plaintiff did not have the authority or ability to hire, terminate, suspend, demote, or promote Defendant's employees or to establish the terms and conditions of employment of Defendant's employees.

35. During Plaintiff's employment with Defendant, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of her job duties.

36. During Plaintiff's employment with Defendant, Plaintiff did not, in the performance of her job duties, customarily or regularly compare or evaluate possible courses of conduct, and Plaintiff did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

37. During Plaintiff's employment with Defendant, Plaintiff did not, in the performance of her job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

38. During Plaintiff's employment with Defendant, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

39. During Plaintiff's employment with Defendant, Plaintiff's job duties did not require her to perform specialized or technical work and did not require her to have special training, experience, and/or knowledge.

40. During Plaintiff's employment with Defendant, Plaintiff did not customarily or regularly spend the majority of her hours worked each workweek making sales directly to Defendant's customers.

41. During Plaintiff's employment with Defendant, Plaintiff was not highly compensated employee.

42. During Plaintiff's employment with Defendant, Plaintiff was not a commissioned employee.

43. During Plaintiff's employment with Defendant, Plaintiff recorded her hours worked via Defendant's electronic timekeeping system.

44. During Plaintiff's employment with Defendant, and particularly from approximately April 2019 to June 2019, not all of Plaintiff's hours worked were recorded via Defendant's electronic timekeeping system. For example, on multiple work days and during multiple workweeks between approximately April 2019 to June 2019, Applegate instructed

Plaintiff to "clock out" at the end of the work day and continue working in order for Defendant to avoid having to compensate Plaintiff with overtime compensation for hours worked beyond forty (40) in a workweek (even though Defendant's compensation classification of Plaintiff was "exempt" for purposes of the FLSA and WWPCL).

45. During Plaintiff's employment with Defendant from approximately April 2019 to June 2019 and at the end of work days when Applegate instructed Plaintiff to "clock out" and continue working, Applegate often told Plaintiff, "You have to stay until the job is finished," or words to that effect.

46. During Plaintiff's employment with Defendant from approximately April 2019 to June 2019 and in the context of Applegate instructing Plaintiff to "clock out" at the end of work days and continue working "until the job is finished," Trakel verbally told Plaintiff, "We don't pay overtime."

47. During Plaintiff's employment with Defendant from approximately April 2019 to June 2019, Plaintiff often worked in excess of forty (40) hours per workweek, inclusive of the "off-the-clock" hours specified in the aforementioned paragraphs, without receiving overtime compensation for her hours worked in excess of forty (40) hours per workweek.

48. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek.

49. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

50. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek (including but not limited to at the proper, lawful, and/or correct overtime rate of pay) in accordance with the FLSA and WWPCL.

51. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

52. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS
### (OVERTIME PAY – MISCLASSIFICATION)

53. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

54. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

56. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

57.     Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

58.     Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

59.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

60.     Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

61.     Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
## (OVERTIME PAY – MISCLASSIFICATION)

62. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

63. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

64. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

65. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

66. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

67. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

68. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL.

69. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

70. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

71. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – FLSA VIOLATIONS
### (OVERTIME PAY – NON-DISCRETIONARY COMPENSATION)

72. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

73. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

74. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

75. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

76. During Plaintiff's employment with Defendant, Defendant failed to include Plaintiff's commission payments in Plaintiff's regular rate of pay for overtime calculation purposes.

77. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

78. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

79. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

80. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

81. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## FOURTH CAUSE OF ACTION – WWPCL VIOLATIONS
## (OVERTIME PAY – NON-DISCRETIONARY COMPENSATION)

82. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

83. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

84. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

85. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 et seq., 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

86. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

87. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

88. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated at the correct, proper, and/or lawful overtime rate pay in accordance with the WWPCL as a result of Defendant's failure to include Plaintiff's commission payments in Plaintiff's regular rate of pay for overtime calculation purposes.

89. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

90. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

91. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

### FIFTH CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

92. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

93. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

94. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

95. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 et seq., 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

96. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

97. During Plaintiff's employment with Defendant, Plaintiff was entitled to payments from Defendant at her agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

98. During Plaintiff's employment with Defendant and during workweeks when Plaintiff did not work in excess of forty (40) hours per workweek, Defendant failed to compensate Plaintiff at her regular rate of pay for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272, either at the higher of her agreed-upon regular rate of pay or a rate of pay no less than the minimum wage.

99. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

100. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

101. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, unpaid agreed-upon wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 2nd day of August, 2019

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        **s/ *Scott S. Luzi*** _____
        James A. Walcheske, State Bar No. 1065635
        Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com